Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 75 | **DATE** | October 7, 2002 |
| **CASE TITLE** | Graham Thompson v. Thomas White, Secretary of the Army | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion for Summary Judgment (Doc. # 10)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

For the attached reasons, the defendant's motion for summary judgment is GRANTED. All other pending motions are denied as moot.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 9 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 19 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JHC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| Graham E. Thompson, | ) |
| Plaintiff, | ) |
| v. | ) No. 01 C 75 |
| | ) Judge William J. Hibbler |
| Thomas E. White, Secretary of the Army,[1] | ) |
| Defendant. | ) OCT 9 2002 |

MEMORANDUM OPINION AND ORDER

I. INTRODUCTION

Plaintiff Graham E. Thompson, a former employee of the United States Army Corps of Engineers, brings this action under 42 U.S.C. § 2000e, *et seq.* against Thomas E. White in his capacity as Secretary of the Army. Thompson alleges that the defendant discriminated against him because of his race and also retaliated against him for filing a previous employment discrimination suit. In response, the defendant argues that the plaintiff's claims are time-barred and therefore requests summary judgment. The parties have fully briefed the issues and this case is now ripe for ruling. For the reasons stated herein, the defendant's motion for summary judgment is GRANTED.

II. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson*

---

[1] Thomas F. White is now Secretary of the Army and has been substituted as the defendant pursuant to Fed.R.Civ.P. 25(d).

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Bragg v. Navistar Int'l Transp. Corp.*, 164 F.3d 373, 376 (7th Cir.1998). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact such that judgment as a mater of law should be granted in the movant's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497, 500 (7th Cir.1998). Once the moving party has met the initial burden, the opposing party must "set forth specific facts showing that there is a genuine [material] issue for trial." *Id.* In so doing, the nonmoving party not rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139, 1142 (7th Cir.1998), and must proffer more than bare, conclusory allegations in its affidavits, *DeLoach v. Infinity Broad.*, 164 F.3d 398, 402 (7th Cir.1999); *Drake v. Minn. Min. & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir.1998). When deciding a motion for summary judgment, the Court considers the evidence in the light most favorable to the nonmoving party and resolves all inferences in the nonmoving party's favor. *Vitug v. Multistate Tax Comm'n*, 88 F.3d 506, 511 (7th Cir.1996).

## III. BACKGROUND

Graham Thompson served as an Equal Employment Opportunity specialist in the United States Army Corps of Engineers. The United States Army removed Graham Thompson from his position as a manager in the Army's Equal Employment Opportunity Office in June 1991 (after approximately thirty years of federal service) because of allegations that he fraudulently reported his travel expenses. Thomson challenged the Army's decision, but it was upheld by the Merit Systems Protection Board (MSPB). Thompson then filed a federal lawsuit, alleging that his removal was based on discrimination and retaliation. The Army settled the suit in November 1994, and the settlement agreement provided, among other things, that Thompson's employment records would be amended to reflect a voluntary resignation as opposed to a removal for travel fraud.

After losing his job with the Army, Thompson repeatedly sought employment with various federal agencies from 1991 to 1995. During this period, Thompson suspected the Army was blackballing him by supplying negative reports about him to the federal agencies to which he had applied. Thompson discussed his suspicion with various members of his family. He also wrote a letter to the Railroad Retirement Board in March 1995, asking questions regarding the race, age, and sex of the individual chosen over him for a staff assistant position. Thompson admitted during his deposition that he wrote this letter because he believed he was being discriminated against and blackballed by the Army.

On December 13, 1996, the Office of Personnel Management (OPM) informed Thompson that his application for retirement benefits had been denied because he had not been continuously employed by the federal government. Thompson never appealed the OPM's decision to the MSPB. On January 13, 1997, Thompson contacted an EEO counselor to discuss his suspicions that the Army was blackballing him. On February 28, 1997, Thompson submitted an administrative complaint to the Army, alleging that he had been blackballed from federal employment since his removal from the Army in 1991. The Army denied Thompson's claim that he was blackballed because the jobs that he allegedly applied for during the 1991 to 1994 period failed to demonstrate a discriminatory act within 45 days of his contact with the EEO counselor. The EEOC upheld the Army's final decision and Thompson then filed this complaint.

## IV. ANALYSIS

EEO regulations require that all federal employees "who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing [an administrative] complaint in order to try to informally resolve

3

the matter." 29 C.F.R. § 1614.105(a); *McSwain v. Runyan*, 990 F. Supp. 1001, 1003 (N.D. Ill. 1998). Furthermore, a federal employee must contact an EEO counselor within 45 days of the allegedly discriminatory action, or lose the right to later file suit. 29 C.F.R. § 1614.105(a)(1); 29 C.F.R. § 1614.107. The regulation makes a narrow exception where the employee did not know or reasonably could not have known that the discriminatory act had occurred. 29 C.F.R. § 1614.105(a)(2). In addition, the forty-five day deadline for contacting a counselor operates like statute of limitations, rather than a jurisdictional bar to bringing suit, and thus it is subject to equitable doctrines such as tolling and estoppel. *Johnson v. Runyon*, 47 F.3d 911, 917 (7th Cir.1995); *Rennie v. Garrett*, 896 F.2d 1057, 1062-63 (7th Cir.1990).

Thompson failed to contact an EEO counselor within 45 days of the allegedly discriminatory and retaliatory acts that he complains about, and thus his complaint is time-barred. According to Thompson's deposition testimony, he suspected that he was being blackballed by the Army throughout the 1991 to early 1995 period. Thompson also testified at his deposition that at the time he wrote to the Railroad Retirement Board in early 1995, he believed he was being discriminated against. Thompson, however, did not contact an EEO counselor to discuss his suspicions until many years later on January 13, 1997.

Thompson argues in response to the Army's motion for summary judgment that he did not discover his blackballing claim until he was denied his retirement benefits on December 13, 1996, thus bringing his claim within the exception outlined in 29 C.F.R. § 1614.105(a)(2). Thompson bases his argument solely upon an affidavit submitted after the defendant moved for summary judgment, which directly contradicts his prior deposition testimony. A party may not create a genuine issue of fact by submitting an affidavit that contradicts his prior deposition testimony and

4

interrogatory responses, and Thompson's affidavit is therefore insufficient to create a genuine issue of material fact. *Richardson v. Bonds*, 860 F.2d 1427, 1433 (7th Cir. 1988).

Thompson also argues that his claim is saved by the continuing violation doctrine. The continuing violation doctrine allows a plaintiff to seek relief for a time-barred act by linking it with an act that is within the limitations period. *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir.1992). "A continuing violation is one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period." *Dasgupta v. University of Wisconsin Bd. of Regents*, 121 F.3d 1138, 1139 (7th Cir.1997); *Sweeney v. West*, 149 F.3d 530, 556 (7th Cir.1998). The continuing violation doctrine is unavailable if the plaintiff "knows or with the exercise of reasonable diligence would have known after each act that it was discriminatory and had harmed him." *Moskowitz v. Trustees of Purdue Univ.*, 5 F.3d 279, 282 (7th Cir.1993); *accord Galloway v. Gen. Motors Serv. Parts Operations*, 78 F.3d 1164, 1167 (7th Cir.1996). Instead, the doctrine applies "when, after an initial incident of discrimination, a plaintiff does not feel 'sufficient distress to ... mak[e] a federal case.'" *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 344 (7th Cir.1999) (citation omitted).

The Plaintiff's continuing violation argument fails because Thompson suspected he was being blackballed from federal employment throughout the 1991 to early 1995 period. Since Thompson suspected blackballing for more than five years before he contacted an EEO counselor, he cannot invoke the continuing violation doctrine. *Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997, 1004 (7th Cir. 2000). Thompson also cannot assert a continuing violation theory because the alleged denial of his retirement benefits by the Army was not a fresh act of alleged discrimination. Thomson claims that he was denied his retirement benefits not because the Army

5

was discriminating against him, but because he was not an active employee due to the Army's prior act of blackballing him. The later consequence of an earlier act is not itself a discriminatory act that can be used to satisfy a time limitation. *Huels v. Exxon Coal USA, Inc.*, 121 F.3d 1047, 1049-51 (7th Cir. 1997).

## V. CONCLUSION

For the reasons set forth above, this action is dismissed with prejudice since all of Thompson's allegations are time-barred. Defendant's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Date: 10/2/02

William J. Hibbler, Judge
United States District Court